Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| LOREN SCOTT, | ) Case No.: 10-CV-01654-WBS-DAD |
| | ) |
| | ) **PLAINTIFF'S RESPONSE TO** |
| Plaintiff, | ) **DEFENDANT'S MOTION TO** |
| | ) **STRIKE STATE LAW CAUSES OF** |
| vs. | ) **ACTION** |
| | ) |
| KELKRIS ASSOCIATES, INC. dba | ) Date: October 25, 2010 |
| CREDIT BUREAU ASSOCIATES, | ) Time: 2:00 p.m. |
| | ) Courtroom: 5, 14th Flr. |
| Defendant. | ) |
| _____ | |

### INTRODUCTION

NOW COMES the Plaintiff, LOREN SCOTT by and through his attorney, TODD M. FRIEDMAN, and hereby submits his Response to Defendant's motion to Strike. In support thereof, Plaintiff states as follows:

Defendant's motion glosses over the threshold question of whether the instant lawsuit comes under the purview of an anti-SLAPP special motion to strike and simply claims that it is applicable. However, case law in the state of

California has held that it does not and Defendant has no case law in support of this position. This is primarily because the state court debt collection case still exists so Defendant has full access to continue to vindicate its rights in that case. Thus the rationale behind the anti-SLAPP statute of allowing access to the Courts is not hindered in any way.

Even assuming the Defendant meets its initial burden, Defendant has omitted the key fact which makes it eminently clear that Plaintiff can prevail on the merits. The state court actually ruled that Defendant did not serve Plaintiff properly thus making Plaintiff's case easy to prove, especially since Defendant continues to claim it followed California law in serving Plaintiff. In other words, Defendant's entire motion is based on it disagreeing wholeheartedly with the honorable state court judge. Since this Court can take judicial notice of the lower court's proper holding, Defendant's argument that it properly served Plaintiff must be rejected.

### STATEMENT OF FACTS

Plaintiff was sued in California state court but was unaware of any lawsuit against him as he was not served properly. *See* Request for Judicial Notice, Ex. A, Ex. B. He was not served at his home address. *Id.* at Ex. B. After discovering the judgment entered against him, he retained counsel and moved to set aside the default judgment. *Id.* The California state court ordered that the

judgment be set aside on June 15, 2010. Plaintiff has since answered this lawsuit in state court and this case is currently active and on the court's calendar. *See* Decl. of Todd Friedman. After moving to set aside the default judgment, Plaintiff filed the instant lawsuit.

## ARGUMENT

### I. IN THE CONTEXT OF FAIR DEBT COLLECTION CASES, COURTS HAVE HELD THAT THE ANTI-SLAPP PROTECTIONS ARE INAPPLICABLE

Defendant properly notes that it has the initial burden[1] to show that the anti-SLAPP statute is applicable but Defendant has failed to posit a single case which holds that the anti-SLAPP motion to strike can be used in the context of improper debt collection cases. As the moving party with this burden Defendant's motion fails on these grounds alone since Defendant's only argument that anti-SLAPP applies is based on the following bald-faced assertion: "[s]ervice of the complaint is plainly related to litigation and defendant's constitutional right to petition. There can be no question that the state law causes of action in the instant complaint are subject to California Code of Civil Procedure § 425.16."[2] Defendant makes this statement without any support and does not cite to a case with similar facts or with a lawsuit under the statutes in question.

---

[1] See Defendant's Motion to Strike at pg. 3, lls. 16-19
[2] See Defendant's Motion to Strike at pg. 4, lls. 20-22

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE STATE LAW CAUSES OF ACTION
- 3 -

Despite Defendant's inability to support its initial burden with any case law, courts have held that the anti-SLAPP motion to strike is not applicable to alleged violations of the Fair Debt Collection Reporting Act ("FDCPA") or the California state Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

In a case with facts similar to the instant case, the Southern District of California held that a default judgment entered against the plaintiff did not constitute protected conduct under the anti-SLAPP statute. *See Rouse v. Law Offices of Rory Clark*, 465 F. Supp. 2d 1031 (S.D. Cal 2006). In the *Rouse* case the defendant had attempted to collect on a debt and then filed a default judgment against the plaintiff. *Id.* at 1033-34. Rouse then filed a separate Federal lawsuit alleging violations of the FDCPA and RFDCPA to which the defendant filed an anti-SLAPP motion to strike. *Id.* The Court denied this motion holding that the subsequent RFDCPA claim did not "implicate" the defendant's right of petition. *Id.* at 1039 "Merely because legal action is filed after protected activity took place does not mean it arises from that activity." *Id.* The Court held that despite defendant having filed a default judgment, defendant failed to show that this was a protected activity under the anti-SLAPP statute, and that Plaintiff's claims under the RFDCPA did not "implicate defendants' right to petition." *Id. See also Welker v. Law Office of Horwitz*, 626 F. Supp. 2d 1068, 1073 (holding that RFCPA claims were not under the anti-SLAPP statute as defendant did not show

how its conduct was protected but merely made the "bald assertion" that its right to petition was implicated).

### A. Defendant's right to petition cannot be implicated since Defendant has full access to continue to petition to courts

Initially, Defendant has merely made vague references to cases but has not explained or argued how its right of petition has been implicated. Defendant has essentially argued that its right of petition has been implicated "because I say so." Most importantly, Defendant has not cited to a single case explaining or showing how the facts of this case implicate its right of petition. Due to Defendant having the initial burden and Defendant's failure to do so even to a minimal degree mandates denying this motion.

Defendant's failure to do so notwithstanding, Defendant's right to petition cannot be implicated because the instant lawsuit does not change Defendant's ability in any way to collect on the debt. In fact, the state court collection lawsuit still remains and Defendant has every right to continue to vindicate its rights of petition and collect in the state Court case. However, that case has no bearing on the instant case as this case is a separate suit. Regardless of the outcome of the instant case, Defendant still can continue to collect on the underlying debt. Interestingly enough, Defendant premises its argument by stating that the anti-SLAPP statute is to be interpreted broadly to "effectuate its purpose of promoting

free access to the courts."[3] How exactly is this lawsuit impeding Defendant from free access to the courts when its current state court suit against the Plaintiff still exists? By Defendant's own argument, then this motion has no merit because Defendant has not been denied access to the Courts or its rights to petition.

In sum, Defendant has not made an affirmative showing to this Court how or why its right to petition has been implicated. Given that Defendant has the burden of making this showing this motion should be denied. Even still, case law in this area holds that the anti-SLAPP protections are not applicable to RFDCPA claims. Therefore, due to Defendant's utter failure to meet its burden, this Court should not consider the second prong of the anti-SLAPP statute.

## II. PLAINTIFF CAN EASILY MAKE A MINIMAL SHOWING OF SUCCESS ON THE MERITS PRIMARILY BECAUSE THE STATE COURT RULED IN THE PLAINTIFF'S FAVOR

In the alternative, should this Court consider Defendant's arguments regarding Plaintiff's probability of succeeding on the merits, all of Defendant's arguments fail primarily because they hinge upon disagreeing with the ruling of the state court. The Plaintiff in this case only discovered that he had a judgment entered in against him on December 19, 2009 and swiftly moved to set aside the state court judgment. The state court has set aside the default judgment, and agreed with the Plaintiff that he had not been served properly. Therefore, the

---

[3] See Defendant's Motion to Strike at pg. 4, lls. 9-10

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE STATE LAW CAUSES OF ACTION
- 6 -

bulk of Defendant's arguments are essentially telling the Court that it should disregard the holdings of a California State Court judge and follow the Defendant's arguments. Plaintiff will address these arguments in turn.

### A. The discovery rule is an equitable remedy and there is no reason for that equity to be inapplicable here since the Plaintiff did not discover the judgment until December of 2009

Defendant first argues, without support, that Plaintiff cannot meet the statute of limitations and then argues that "no statutory exception for equitable tolling is plausibly read into the statute."[4] Defendant's argument lacks an understanding of the discovery rule and of equitable tolling because equity is not a remedy at law, but arises from the Court's inherent equitable powers thus rendering Defendant's argument meritless. *See Moreno v. Sanchez* 106 Cal.App.4th 1415. (2003). In other words, Defendant argues that the Court should no longer have its inherent equity power because the statute does not discuss the Court's equity. Defendant essentially asks the Court to no longer be the Court, which is nonsensical and flies in the face of centuries of equitable jurisprudence.

The discovery rule is a recognized equitable remedy in California, "which protects a plaintiff from an earlier accrual of a cause of action. *Id.* at 1423. Under this equitable remedy, the discovery rule applies, a cause of action accrues when the plaintiff "discovers or should have discovered all the facts essential to his

---

[4] See Defendant's Motion to Strike at pg. 6, lls. 1-2.

cause of action." *Id.* Given that the state court found and agreed with the Plaintiff that he had not discovered the lawsuit against him until December of 2009,[5] the equitable remedy of discovery is applicable and Plaintiff can easily make the appropriate showing.

### B. **<u>Defendant's arguments regarding service fall flat because they are based on the assumption that service was proper which contravenes the state court judge's holding</u>**

Defendant's second argument also asks the Court to disagree with the state court's holding below and contradicts itself because Defendant did not properly serve the Plaintiff. In order to properly serve an individual under substitute service, it must be served at the person's "dwelling house" or "usual place of abode…" *See Cal. Code Civ. Pro.* § 415.20. The State Court's holding specifically states that Plaintiff was not served at his address, but his father's address. Thus by Defendant's own argument, Defendant did in fact communicate a debt to a third party—the Plaintiff's father—and failed to properly substitute service as the state court judge properly held.[6]

It is for this reason that Plaintiff can posit evidence for a violation of both section 1788.12(b) and section 1788.15(a) because the state court judge's holding makes it clear that service was not proper. This evidence by itself is more than enough to establish a probability of success. While Defendant makes the

---

[5] See Attached Request for Judicial Notice, Ex. A
[6] See Attached Request for Judicial Notice, Ex. A

argument that Plaintiff cannot prove that Defendant knew it was improper, that is a determination for the jury to make. The question before this Court is whether Plaintiff can establish a probability of success, and knowing the intent of Defendant is something that could only be ascertained through depositions, discovery, cross-examination and the like.

Similarly, this argument overlaps with Defendant's argument regarding invasion of privacy; the Plaintiff's debt was disclosed to another individual and Plaintiff's personal matters were private facts. Thus, Plaintiff can establish the probability of success, however, it is up to the jury to decide whether the exact elements were met and if this disclosure was highly offensive to a reasonable person.

### C. **Defendant's argument regarding litigation privilege ignores the applicable case law in respect to RFDCPA claims**

With regards to Defendant's argument regarding litigation privilege, Federal Courts have almost uniformly held that the litigation privilege is inapplicable to Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claims. In a recent District Court decision, the Southern District of California specifically rejected Defendant's argument, and noted that the "majority," of Courts have held that the litigation privilege is inapplicable to RFDCPA claims. *See Welker v. Law Office of Daniel Horowitz*, 699 F. Supp.2d 1164 (S.D.CA 2010). Specifically, the Court analyzed all of the outstanding cases on this issue

and concluded "that while some Federal Courts 'have found the privilege to be applicable, **most have concluded that it must yield in this context**." *Id.* at 1174 (quoting *Komarova v. Nat'l Credit Acceptance*, *Inc.* 175 Cal. App. 4th 324, 337 (2009) (emphasis added)r. Furthermore, the Court held that the privilege could not be used to "shield violations of the Rosenthal Act." *Id*.

## CONCLUSION

Defendant has failed to raise any authority or any factual argument in support of its anti-SLAPP motion and has not shown why it has been denied access to the courts. Defendant's rights have not been implicated given that Defendant has full access to the state court at this present moment. This Court need not consider the facts of the case since Defendant cannot meet this burden. Even still, the holding of the state court below evidences that Plaintiff has a probability of succeeding on his claim since he was not served properly. Thus this motion must be DENIED.

Respectfully submitted this 12th day of October, 2010.

By: /s/Todd M. Friedman
    **TODD M. FRIEDMAN (216752)
    LAW OFFICES OF TODD M.
    FRIEDMAN, P.C.
    369 S. Doheny Dr. #415
    Beverly Hills, CA 90211
    Phone: 877 206-4741
    Attorney for Plaintiff**

Filed electronically on this 12th day of October, 2010., with:

United States District Court CM/ECF system

                                               s/ Todd M. Friedman
                                               Attorney for Plaintiff
                                               Loren Scott