UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LOREN SCOTT,

        Plaintiff,

   v.

KELKRIS ASSOCIATES, INC. dba
CREDIT BUREAU ASSOCIATES,

        Defendant.
_____/

NO. CIV. 2:10-1654 WBS DAD

<u>MEMORANDUM AND ORDER RE:
SPECIAL MOTION TO STRIKE</u>

----oo0oo----

        Plaintiff Loren Scott brought this action against defendant Kelkris Associates, Inc., dba Credit Bureau Associates arising out of defendant's allegedly improper service of plaintiff in a debt collection action.  Presently before the court is defendant's special motion to strike plaintiff's state law claims pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Civil Procedure Code § 425.16.

///

1

## I. Factual and Procedural Background

Defendant filed a debt collection suit against plaintiff in the Superior Court of California for Sacramento County on January 23, 2009. (Compl. ¶ 6.) Defendant attempted to serve plaintiff by serving plaintiff's estranged father at a residence where plaintiff did not live. (Id. ¶ 7, Ex. E.) Default judgment was entered against plaintiff on May 15, 2009. (Id. ¶ 8.) Plaintiff only learned about the suit on December 10, 2009, when he received a letter from the County of Sacramento Department of Finance informing him of an Earnings Withholding Order obtained against him. (Id. ¶ 5.) Plaintiff then contested the default judgment, which the Superior Court vacated on the basis that plaintiff was never served. (Id. ¶ 9, Ex. E.) That case is currently active. (Pl.'s Resp. to Def.'s Mot. to Strike at 3.)

Plaintiff then brought this suit, alleging: 1) violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p; 2) violations of the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code §§ 1788-1788.33; and 3) invasion of privacy. Pursuant to California's anti-SLAPP statute, defendant now moves to strike plaintiff's RFDCPA and invasion of privacy claims.

## II. Discussion

The California legislature enacted its anti-SLAPP statute, California Civil Procedure Code § 425.16, to "allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir.

2001).  "California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'"  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)); see also Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106, 1123 (1999) (defendant "need not separately demonstrate that the statement concerned an issue of public significance").  The special motion to strike under the anti-SLAPP statute is available to litigants proceeding in federal court.  Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206-07 (9th Cir. 2005).

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry."  Vess, 317 F.3d at 1110.  First, "the defendant is required to make a prima facie showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution."  Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003).  Second, "[t]he burden then shifts to the plaintiff to establish a reasonable probability that the plaintiff will prevail on his or her [] claim."  Id.

A.   Prima Facie Case

An "act in furtherance of a person's right of petition or free speech" includes "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."  Cal. Civ. Proc. Code §

3

425.16(e).  "[C]ommunications in connection with anticipated litigation are considered to be under consideration or review by a . . . judicial body."  Neville v. Chudacoff, 160 Cal. App. 4th 1255, 1263 (2d Dist. 2008) (internal quotation marks and citations omitted).  Plaintiff's state law claims are based solely on defendant's allegedly improper service of process on plaintiff in its debt collection action.  Such service, made after a complaint was filed in state court, is clearly a "writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."  Cal. Civ. Proc. Code § 425.16(e).

The extent of the litigation privilege buttresses this conclusion.  Although the anti-SLAPP statute and the litigation privilege are not coextensive, courts may "look to the litigation privilege as an aid in construing the scope of [the anti-SLAPP statute] with respect to the first step of the two-step anti-SLAPP inquiry."  Flatley v. Mauro, 39 Cal. 4th 299, 323 (2006).  Service of process in litigation is protected by the litigation privilege.  See Rusheen v. Cohen, 37 Cal. 4th 1048, 1058 (2006) ("The '[p]leadings and process in a case are generally viewed as privileged communications.'" (quoting Navellier v. Sletten, 106 Cal. App. 4th 763, 770 (1st Dist. 2003))).

To "arise from" defendant's right of petition or free speech, "the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech."  City of Cotati v. Cashman, 29 Cal. 4th 69, 78 (2002).  "In deciding whether the 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which

4

the liability or defense is based.'" Id. at 79 (quoting Cal. Civ. Proc. Code § 425.16(b)). To meets its burden, the "defendant need not show that plaintiff's suit was brought with the intention to chill defendant's speech; the plaintiff's intentions are ultimately beside the point." Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 682 (9th Cir. 2005) (internal quotation marks and citations omitted). Since plaintiff's complaint is based solely on his allegation that service was improper in the underlying debt collection suit, his complaint "arises from" protected speech.

B. Reasonable Probability of Prevailing

Because defendant has satisfied its initial burden of showing that plaintiff's suit arises from defendant's act in connection with its free speech rights, the burden shifts to the plaintiff, and the court "must then determine whether the plaintiff has demonstrated a probability of prevailing on [his] claim." Navellier, 29 Cal. 4th at 88. To establish the requisite probability of prevailing, the plaintiff need only have "stated and substantiated a legally sufficient claim." Briggs, 19 Cal. 4th at 1123. "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to obtain a favorable judgment if the evidence submitted by the plaintiff is credited.'" Wilson v. Parker, Covert & Chidester, 28 Cal. 4th 811, 821 (2002) (quoting Matson v. Dvorak, 40 Cal. App. 4th 539, 548 (3d Dist. 1995)). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute--i.e., that arises from protected speech or petitioning and lacks even minimal merit--is

a SLAPP, subject to being stricken under the statute." Navellier, 29 Cal. 4th at 89.

        1.   Rosenthal Act Claim

Actions under the Rosenthal Act "may be brought . . . within one year from the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f). The alleged violation of the Act, the allegedly defective service, clearly occurred on March 7, 2009, when defendant attempted substitute service on plaintiff's father. (Compl. Ex. C.) Plaintiff did not file suit until June 2010. (Compl. (Docket No. 1).) Thus, without equitable intervention, plaintiff's claim is barred by the statute of limitations.

California courts have not ruled on the application of equitable tolling to a statute of limitations that begins tolling upon the "occurrence of the violation." Equitable tolling "is a judge-made doctrine which operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) (internal quotation marks and citation omitted). To decide whether equitable tolling of the statute of limitations should apply, the court must ask whether tolling will effectuate the California legislature's purpose in enacting the Rosenthal Act. Cf. King v. State of Cal., 784 F.2d 910, 915 (1986) (tolling under the federal Truth in Lending Act).

Section 1788.1 sets out the purpose of the Rosenthal Act: "It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the

collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b). An inflexible rule that bars suit one year after the violation may be inconsistent with this purpose when, as here, a debtor does not learn in time that an unfair or deceptive act has occurred.

While in most cases the purpose of the Act is served by tolling from the date of the violation, equitable tolling may be applied here to prevent defendant from engaging in defective service that would both violate the Rosenthal Act and shelter defendant from liability for that violation. Thus, through application of equitable tolling, the statute of limitations on plaintiff's claim did not begin to run until December 10, 2009, when he received notice of the violation. See King, 784 F.2d at 915 (applying equitable tolling to TILA, which contains "occurrence of the violation" language).[1]

The Rosenthal Act provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected." Cal. Civ. Code § 1788.15(a). Plaintiff has demonstrated through the state court

---

[1] Even if equitable tolling did not apply, plaintiff's Rosenthal Act claim may also be subject to the "continuing conduct" exception. See Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324, 344 (1st Dist. 2009) ("Use of judicial proceedings to collect a debt without service of process [under section 1788.15(a)] will also be a continuing course of conduct insofar as the conduct involves multiple acts, such as obtaining and collecting on a judgment, that extend over a period of time before the proceedings are concluded.").

7

proceeding vacating default judgment that defendant attempted to collect a debt when plaintiff had not been legally served.

Defendant cannot avoid liability simply by claiming that it hired an independent process server and thus did not "know" that service of process had not been legally effected. See Bishop v. Silva, 234 Cal. App. 3d 1317, 1322 (6th Dist. 1991) ("In this case, [defendant's] problems were within [its] own control. [Defendant] 'selected and employed [its] own agent to effect service of process upon [plaintiff]. [It] is necessarily charged with notice of the acts and declarations of [its] agent.'" (quoting Ippolito v. Municipal Court, 67 Cal. App. 3d 682, 687 (2d Dist. 1977) (disapproved of on other grounds by Hocharian v. Superior Court, 28 Cal. 3d 714 (1981)))). While it remains to be determined whether, for example, defendant knew that plaintiff did not reside at his father's address, plaintiff has satisfied the burden of showing "minimal merit" on his claim of defective service.

Accordingly, since plaintiff has demonstrated a reasonable probability of prevailing as required by the second step of the anti-SLAPP inquiry, defendant's motion to strike the cause of action under the Rosenthal Act is denied.[2]

---

[2] Although the court holds that plaintiff has established a probability that he will prevail on his Rosenthal Act claim,

> neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

Cal. Civ. Proc. Code § 425.16(b)(3).

8

        2.   <u>Invasion of Privacy Claim</u>

Under California law, communications related to litigation are privileged. The litigation privilege is codified in California Civil Code section 47: "A privileged publication or broadcast is one made . . . [i]n any . . . judicial proceeding . . . ." Cal. Civ. Code § 47(b).

> [T]he privilege is now held applicable to any communication . . . and all torts except malicious prosecution. Further, it applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved.
>
> The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

<u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 212 (1990) (citations omitted).[3] "Thus, communications with some relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege." <u>Rusheen</u>, 37 Cal. 4th at 1057 (internal quotation marks and citations omitted); <u>see also</u> <u>id.</u> ("[The litigation privilege] is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.").

Under the standard set out in <u>Silberg</u> and <u>Rusheen</u>, the litigation privilege applies to the attempt at substituted service of process, whether valid or not, in the underlying debt

---

[3] The litigation privilege is also inapplicable to claims under the Rosenthal Act. <u>Johnson v. JP Morgan Chase Bank DBA Chase Manhattan</u>, 536 F. Supp. 2d 1207, 1212 (E.D. Cal. 2008).

9

collection suit.  Thus, a claim for invasion of privacy based on that service is barred by the privilege.  Since plaintiff cannot show a reasonable probability of prevailing, defendant's motion to strike the claim for invasion of privacy will be granted.

IT IS THEREFORE ORDERED that defendant's special motion to strike plaintiff's state law claims be, and the same hereby is, GRANTED as to plaintiff's claim for invasion of privacy and DENIED as to plaintiff's claim under the Rosenthal Act.

DATED:  October 28, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE