UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LOREN SCOTT,

        Plaintiff,

    v.

KELKRIS ASSOCIATES, INC.
dba CREDIT BUREAU ASSOCIATES,

        Defendant.

_____/

NO. CIV. 2:10-1654 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION FOR ATTORNEY'S FEES

----oo0oo----

        Plaintiff Loren Scott brought this action against defendant Kelkris Associates, Inc., dba Credit Bureau Associates arising out of defendant's allegedly improper service of plaintiff in a debt collection action.  Presently before the court is defendant's motion for attorney's fees.

I.   Factual and Procedural Background

        Defendant was assigned a debt that plaintiff allegedly owed to Travis Credit Union.  After failing to collect the debt from plaintiff voluntarily, defendant initiated a debt collection

1

suit against plaintiff in the Superior Court of California for
Sacramento County on January 23, 2009.  (Compl. ¶ 6, Ex. B.)

Through a licensed process server, defendant
unsuccessfully attempted to effectuate substitute service on the
plaintiff by leaving a copy of the summons and lawsuit with
plaintiff's father at a house that defendant incorrectly believed
to be plaintiff's residence and by mailing copies of the same to
the residence.  (Steinheimer Decl. ¶¶ 7-9 (Docket No. 28).)  A
default judgment was entered against plaintiff in the debt
collection action.  (Compl. ¶ 8.)

The first that plaintiff learned of the suit filed
against him was when he received a letter notifying him of an
Earning Withholding Order.  After learning of the lawsuit and the
default judgment against him, plaintiff contested the default
judgment, which the Superior Court vacated "on the ground of
inadvertence and excusable neglect."  (Friedman Decl. Ex. A
(Docket No. 18).)

Plaintiff brought suit against defendant alleging
violations of §§ 1692b(1)-(2), 1692c(b), 1692d, 1692e, 1692e(10),
and 1692f of the federal Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 et seq., and §§ 1788.12(b) and
1788.14(a) of the California Rosenthal Fair Debt Collection
Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.
(Docket No. 1.)

Defendant then brought a special motion to strike
plaintiff's state law claims under California's anti-Strategic
Lawsuits Against Public Participation ("anti-SLAPP") statute,
Cal. Civ. Proc. Code § 425.16.  (Docket No. 8.)  The motion was

2

1   granted only as to plaintiff's claim for invasion of privacy,

2   eliminating the possibility that plaintiff could recover punitive

3   damages.  (Oct. 29, 2010, Order (Docket No. 13).)  After the

4   court issued its order on defendant's anti-SLAPP motion,

5   defendant's counsel sent plaintiff's counsel an email requesting

6   attorney's fees, but did not file a motion.  (Shaw Decl. ¶¶ 5-8,

7   Ex. A (Docket No. 29).)  Plaintiff's counsel objected to the

8   request, contending that because the invasion of privacy claim

9   was not "the crux" of plaintiff's lawsuit and plaintiff would not

10  have ultimately sought to recover the punitive damages requested

11  in the complaint, defendant was not a "prevailing defendant" on

12  its anti-SLAPP motion.  (Id. ¶¶ 3-7, Ex. A.)

13           During discovery, plaintiff served one set of what

14  defendant characterizes as "boilerplate discovery" and did not

15  take any depositions.  (Steinheimer Decl. ¶ 3.)  Plaintiff

16  identified only one witness who supported his claims, his father

17  Lewis Scott.  (Id. ¶ 4.)  Shortly before defendant had requested

18  that he be deposed, Lewis Scott suffered a stroke that rendered

19  him unable to attend the deposition.  (Friedman Decl. ¶ 11

20  (Docket No. 29); Scott Decl. ¶ 12.)  The deposition was

21  rescheduled after he had recovered, but he failed to appear at

22  the deposition.  (Friedman Decl. ¶ 11; Scott Decl. ¶¶ 9-12.)

23  Lewis Scott did not respond to calls from plaintiff or

24  plaintiff's counsel when they attempted to find out why he had

25  not appeared at the deposition as he had indicated he would.

26  (Friedman Decl. ¶ 11; Scott Decl. ¶¶ 9-12.)

27           At the close of discovery, defendant moved for summary

28  judgment on all of plaintiff's remaining claims.  (Docket No.

3

17.)  The only evidence plaintiff produced were declarations filed by himself and his father, which were similar to declarations filed in the state court debt collection action. (Steinheimer Decl. ¶ 5.)  The court found that there were no disputed material facts and that plaintiff had failed to produce evidence sufficient to support his allegations that defendant had violated the FDCPA and the Rosenthal Act. (Mar. 23, 2012, Am. Order at 8-17 (Docket No. 32).)  Accordingly, the court granted defendant's motion for summary judgment as to all remaining claims.

Defendant now moves for reasonable attorney's fees in the amount of $24,929.29 pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code section 1788.30(c), or for reasonable attorney's fees in the amount of $8,459.00 pursuant to California Code of Civil Procedure section 425.16(c) as the prevailing defendant on its special motion to strike.

II.  Discussion

   A.   Attorney's Fees Pursuant to the FDCPA and the Rosenthal Act

Both the FDCPA and the Rosenthal Act contain fee-shifting provisions.  Under § 1692k(a)(3) of the FDCPA, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692k(a)(3).  To recover under this statute, there must be "evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with the purpose of harassing the defendant."

4

Gorman v. Wolpoff & Abramson, LLP, 435 F. Supp. 2d 1004, 1013 (N.D. Cal. 2006), rev'd on other grounds, 584 F.3d 1147 (9th Cir. 2009).  At a minimum, "minimally colorable" claims are not considered bad faith, Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 940 (9th Cir. 2007), and to show bad faith, a defendant must show more than mere frivilousness, Krapf v. Nationwide Credit Inc., No. SACV 09-00711, 2010 WL 2025323, at *5 (C.D. Cal. May 21, 2010).

        The Rosenthal Act, in turn, provides that "reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith."  Cal. Civ. Code § 1788.30(c). Both statutes, therefore, limit a defendant's ability to recover attorney's fees to instances where the plaintiff has acted in bad faith in bringing his or her action.  Roybal v. Trans Union, No. Civ. 2:05-01207, 2009 WL 394290, at *1 (E.D. Cal. Feb. 17, 2009).

        Defendant argues that plaintiff's bad faith in bringing this action is demonstrated by the fact that plaintiff's claims lacked merit and a factual or legal basis.  It notes that plaintiff produced only limited evidence in opposition to defendant's motion for summary judgment and that defendant was successful in obtaining summary judgment on all of plaintiff's claims under the FDCPA and the Rosenthal Act.  It is true that the court ultimately determined that plaintiff had not demonstrated a triable issue of material fact as to his FDCPA and Rosenthal Act claims.  While it might be fair to characterize plaintiff's claims as frivolous or barely colorable, there is no proof that plaintiff knew his claim was meritless, Gorman, 435 F.

1  Supp. 2d at 1013, or other evidence to support a finding of bad
2  faith.

3          It cannot be the law that any time a plaintiff loses on
4  summary judgment, he has acted in bad faith.  <u>See</u> <u>id.</u> at 1012-13
5  (granting defendant's motion for summary judgment on FDCPA
6  claims, but declining to find bad faith); <u>Walsh v. Frederick J.</u>
7  <u>Hanna & Assocs.</u>, No. Civ. 2:10-2720, 2011 WL 537854, at *1 (E.D.
8  Cal. Feb. 15, 2011) (finding no bad faith where plaintiff's FDCPA
9  and Rosenthal Act claims were dismissed with prejudice).
10 Defendant has not made the extra showing of bad faith.
11 Accordingly, defendant is not entitled to attorney's fees under
12 California Civil Code section 1788.30(c) or § 1692k(a)(3) of the
13 FDCPA.

14         B.   <u>Fees Pursuant to California Code of Civil Procedure</u>
15              <u>Section 425.16</u>

16         Pursuant to California's anti-SLAPP statute, "a
17 prevailing defendant on a special motion to strike shall be
18 entitled to recover his or her attorney's fees and costs."  Cal.
19 Civ. Proc. Code § 425.16(c)(1).  It is well-settled that such an
20 award of fees and costs is mandatory under the statute, <u>Ketchum</u>
21 <u>v. Moses</u>, 24 Cal. 4th 1122, 1131 (2001), and applies to
22 successful anti-SLAPP motions brought in federal court, <u>Verizon</u>
23 <u>Del., Inc. v. Covad Commc'ns Co.</u>, 377 F.3d 1081, 1091 (9th Cir.
24 2004).  An award of fees under subsection 425.16(c)(1) may also
25 include the "fees incurred in litigating the award of attorney
26 fees."  <u>Ketchum</u>, 24 Cal. 4th at 1141.

27         "The fee-shifting provision was apparently intended to
28 discourage [] strategic lawsuits against public participation by

                                6

1  imposing the litigation costs on the party seeking to 'chill the
2  valid exercise of the constitutional rights of freedom of speech
3  and petition for the redress of grievances' and encourage
4  'private representation in SLAPP cases.'" Id. at 1131 (quoting
5  Cal. Civ. Proc. Code § 425.16(a)); see also Northon v. Rule, 637
6  F.3d 937, 938 (9th Cir. 2011) ("The entitlement to fees and costs
7  enhances the anti-SLAPP law's protection of the state's
8  'important, substantive' interests."). California courts have
9  thus held that the anti-SLAPP statute reflects a "strong
10 preference for awarding attorney fees to successful defendants"
11 and the "term 'prevailing party' must be interpreted broadly to
12 favor an award of attorney fees to a partially successful
13 defendant." Lin v. City of Pleasanton, 176 Cal. App. 4th 408,
14 425-26 (1st Dist. 2009) (internal citations and quotation marks
15 omitted).  Plaintiff contends that despite defendant's success in
16 bringing an anti-SLAPP motion as to the claim for invasion of
17 privacy, defendant should not be considered a prevailing party.

18        Under certain circumstances, a defendant may not be
19 considered a prevailing party even though the court granted its
20 anti-SLAPP motion because "the results of the motion were so
21 insignificant that the party did not achieve any practical
22 benefit from bringing the motion." Mann v. Quality Old Time
23 Serv., Inc., 139 Cal. App. 4th 328, 340 (4th Dist. 2006).  "The
24 crucial question is one of practicality; did anything of
25 substance (technical victories notwithstanding) change in the
26 posture of the case and the claims being lodged against the
27 defendant after it brought the special motion to strike than were
28 in existence beforehand." Brown v. Elec. Arts, Inc., 722 F.

1    Supp. 2d 1148, 1155 (S.D. Cal. 2010).

2         In <u>Moran v. Endres</u>, 135 Cal. App. 4th 952 (2d Dist.
3    2006), the trial court denied fees under subsection 425.16(c)
4    when the defendant had moved to strike all eleven causes of
5    action in the complaint, but was successful only in striking a
6    purported cause of action for "conspiracy."  <u>Id.</u> at 954-56.  The
7    appellate court upheld this decision on the grounds that such a
8    trivial victory on a cause of action that was not truly a cause
9    of action to begin with did not entitle the defendant to
10   attorney's fees where the ruling "in every practical sense meant
11   nothing."  <u>Id.</u>

12        In contrast, in <u>Mann</u>, the court held that the
13   defendants were entitled to fees even though they had
14   successfully eliminated only a trade libel cause of action.
15   <u>Mann</u>, 139 Cal. App. 4th at 340.  In holding that the defendants
16   were the prevailing party despite the partial success of their
17   motion, the court noted that the eliminated cause of action,
18   although similar to a remaining claim for defamation, was not
19   identical to that claim and that its elimination had the
20   "potential to narrow the litigation" and "reduc[e] recoverable
21   damages."  <u>Id.</u>

22        Here, it cannot be said that the court's ruling on
23   defendant's anti-SLAPP motion "in every practical sense meant
24   nothing."  To the contrary, the motion was successful in
25   eliminating plaintiff's invasion of privacy claim, and with it
26   the threat of punitive damages as that was the only claim in the
27   complaint on which punitive damages were available.  The motion
28   also narrowed the scope of discovery.  Plaintiff's protestations

that the invasion of privacy claim was not central to his action

and that punitive damages would likely not have been available in

this case are of no moment.  If this claim was truly one that

plaintiff did not intend to seriously pursue, then it was

precisely the type of claim that the anti-SLAPP statute is

intended to protect against.  <u>See</u> Cal. Civ. Proc. Code § 425.16.

Accordingly, defendant is a prevailing party entitled to an award

of the attorney's fees incurred in bringing the special motion to

strike.

III. <u>Calculating the Award</u>

"[T]he fee setting inquiry in California ordinarily

begins with the 'lodestar,' i.e., the number of hours reasonably

expended multiplied by the reasonable hourly rate." <u>PLCM Grp. v.</u>

<u>Drexler</u>, 22 Cal. 4th 1084, 1095 (2000); <u>see</u> <u>Ketchum</u>, 24 Cal. 4th

at 1131 (indicating that the lodestar is used to calculate fees

under the anti-SLAPP statute).  "The reasonable hourly rate is

that prevailing in the community for similar work." <u>PLCM Grp.</u>,

22 Cal. 4th at 1095 (citing <u>Margolin v. Reg'l Planning Comm'n</u>,

134 Cal. App. 3d 999, 1004 (2d Dist. 1982)).  The lodestar may

then by adjusted upward or downward by the court based on

relevant factors.  <u>Ketchum</u>, 24 Cal. 4th at 1132.  Specifically,

Local Rule 293(c) provides the following list of non-exhaustive

factors that guide a court's award of attorney's fees:

        (1)  the time and labor required of the attorney(s);
        (2)  the  novelty  and  difficulty  of  the  questions
             presented;
        (3)  the  skill  required  to  perform  the  legal  service
             properly;
        (4)  the  preclusion  of  other  employment  by  the
             attorney(s)  because  of  the  acceptance  of  the
             action;
        (5)  the  customary  fee  charged  in  matters  of  the  type

involved;
(6) whether the fee contracted between the attorney and the client is fixed or contingent;
(7) any time limitations imposed by the client or the circumstances;
(8) the amount of money, or the value of the rights involved, and the results obtained;
(9) the experience, reputation, and ability of the attorney(s);
(10) the "undesirability" of the action;
(11) the nature and length of the professional relationship between the attorney and the client;
(12) awards in similar actions; and
(13) such other matters as the Court may deem appropriate under the circumstances.

Local R. 293(c); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (identifying the same factors as relevant).  The purpose of adjusting the lodestar is to "fix a fee at the fair market value for the particular action." Ketchum, 24 Cal. 4th at 1132.

Defendants propose a lodestar figure of $8,459.00 for work done on the anti-SLAPP motion.  This figure accounts for hours expended by Andrew M. Steinheimer, a partner at Ellis Law Group, LLP, and Brandon Reeves, an associate at Ellis Law Group, LLP.

A.  Reasonable Hourly Rate

The first step in calculating the lodestar is determining the reasonable hourly rate, which is the rate "prevailing in the community for similar work." PLCM Group, 22 Cal. 4th at 1095.  "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

Defendant requests rates of $200 per hour for Mr. Steinheimer and $195 per hour for Mr. Reeves, which are the hourly rates agreed upon by defendant and defendant's counsel.

10

1  (Steinheimer Decl. ¶ 21.)  The court finds that these rates are

2  reasonable, and if anything, below the prevailing rate in the

3  Eastern District of California for similar work.  See, e.g.,

4  Branco v. Credit Collection Servs., Inc., No. Civ. 2:10-01242,

5  2011 WL 6003877, at *4 (E.D. Cal. Dec. 1, 2011) ($275); Valero v.

6  Bryant, LaFayette & Assocs., LLC, No. Civ. 1:10-01174, 2011 WL

7  1438436, at *6 (E.D. Cal. Apr. 14, 2011) ($250); Hartung v. J.D.

8  Bryider, Inc., No. Civ. 1:08-00960, 2009 WL 1876690, at *12 (E.D.

9  Cal. June 26, 2009) ($250); Lowe v. Elite Recovery Solutions, No.

10  Civ. S-07-0627, 2008 WL 324777, at *5 (E.D. Cal. Feb. 5, 2008)

11  ($250).  Accordingly, the court finds these rates reasonable.

12         B.  Reasonable Number of Hours

13         Defendant has submitted itemized billing for work on

14  the anti-SLAPP motion that details the number of hours spent by

15  each attorney.  In total, defendant represents that counsel spent

16  26.7 hours on the special motion to strike.  At oral arguments,

17  plaintiff objected generally to the number of hours spent on the

18  special motion to strike as unreasonable.  However, neither in

19  its briefing nor at oral arguments was plaintiff able to point to

20  any specific entry as unreasonably excessive or to submit any

21  relevant evidence in support of this contention, as he should

22  have been prepared to do in opposition to defendant's motion.[1]

23

24         [1]  In suggesting that the time spent by defendant's
   attorneys in seeking summary judgment on plaintiff's claim for
25  invasion of privacy and request for punitive damages was
   excessive, plaintiff's attorney indicates that he would have been
26  willing to drop that claim and request had defendant's attorney
   approached him before filing the anti-SLAPP motion.  However,
27  plaintiff included that claim and prayer for relief in his
   Complaint and opposed defendant's anti-SLAPP motion.  It was only
28  after the court granted defendant's anti-SLAPP motion that
   plaintiff's attorney indicated he would have been willing to

1   See Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n, 163

2   Cal. App. 4th 550, 560-63, (2d Dist. 2008) (recognizing that,

3   "[s]ince appellants submitted no evidence that the hours claimed

4   by counsel were excessive, they appear to be asking that we

5   declare as a matter of law that the hours were unreasonable," and

6   declining to do so); Maughan v. Google Tech., Inc., 143 Cal. App.

7   4th 1242, 1251 (2d Dist. 2008) (discussing declaration submitted

8   by plaintiff comparing hours requested by defendant's counsel

9   with the significantly fewer hours spent by plaintiff's counsel

10  in upholding trial court's reduction of hours as excessive).   In

11  light of the absence of specific objections by plaintiff and the

12  complexity of the issues and quality of the work involved in

13  defendant's anti-SLAPP motion, the court finds that the less than

14  30 hours spent on the motion as a whole is reasonable.

15        Defendant also seeks compensation for eight hours spent

16  drafting the instant motion for attorney's fees as "fees incurred

17  in litigating the award of attorney fees," which are recoverable

18  under subsection 425.16(c)(1).  Ketchum, 24 Cal. 4th at 1141.

19  The records before the court, however, do not indicate what

20  portion of these hours was spent seeking fees related to the

21  anti-SLAPP motions and what portion was spent seeking fees under

22  the Rosenthal Act and the FDCPA.  Recovery on these eight hours

23  is sought in addition to the 7.9 hours that defendant seeks to

24  recover for work done on an earlier motion for attorney's fees

25  under subsection 425.16(c)(1) that was never filed, but was used

26  in preparing the instant motion.  (Steinheimer Decl. ¶ 17.)

27

28  eliminate the claim that had already been stricken by the court.

1    For two reasons, the court does not find it reasonable
2 to include the eight hours spent drafting the instant motion in
3 defendant's tally.  First, the court cannot tell what portion of
4 those hours was actually spent on matters related to defendant's
5 special motion to strike and it does not appear that the requests
6 for attorney's fees under various statutes were so intertwined
7 that allocation would be impossible.  See Akins v. Enterprise
8 Rent-A-Car Co., 79 Cal. App. 4th 1127, 1133 (1st Dist. 2000)
9 (noting that a court is not required to allocate attorney's fees
10 between successful and unsuccessful efforts for work on issues or
11 claims that are so intertwined that it is impossible to separate
12 them).  It would be improper to allow defendant to recover fees
13 under the anti-SLAPP statute that were not incurred on matters
14 related to its special motion to dismiss.  Lafayette Morehouse,
15 Inc. v. Chronicle Publ'g Co., 39 Cal. App. 4th 1379, 1383 (1st
16 Dist. 1995).

17    Second, it apparently took 7.9 hours for defendant's
18 counsel to draft a motion for attorney's fees related to its
19 anti-SLAPP motion.  It does not seem reasonable, then, that in
20 the eight hours spent drafting the instant motion, which included
21 new requests under two different statutes and dealt with
22 additional facts, counsel would have had time to do much work
23 related to the anti-SLAPP recovery beyond simply attaching the
24 earlier drafted material.  Accordingly, the court finds that
25 while it is reasonable to include the 7.9 hours expended by
26 defendant on its special motion to strike as time spent to
27 recover fees, it would be unreasonable to also include the
28 additional eight hours.

13

Accordingly, the court will award defendant the following fees:

| Motion | Attorney | Hours | Rate | Fee |
|---|---|---|---|---|
| Special motion to strike | Steinheimer | 15.2 | $200 | $3,040.00 |
| | Reeves | 11.5 | $195 | $2,242.50 |
| Motion for attorney's fees | Steinheimer | 7.2 | $200 | $1,440.00 |
| | Reeves | 0.7 | $195 | $136.50 |
| **TOTAL** | | | | **$6,859.00** |

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees be, and the same hereby is, GRANTED in the amount of $6,859.00.

DATED:  March 28, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

14